BEFORE THE FIRST DIVISION, APRIL 14, 1955

No. 58943.—Samuel S. Perry v. United States, protests 71645–K, etc. (Seattle).

Opinion by MOLLISON, J.   It was stipulated that the two classes of merchandise are the same in all material respects as those involved in *Calif-Asia Co., Ltd. v. United States* (39 C. C. P. A. 133, C. A. D. 475).   In accordance with stipulation of counsel and following the cited decision, the items marked "A" were held dutiable at 40 percent ad valorem under paragraph 412, and the items marked "B" were held dutiable at 25 percent under the said paragraph, as modified by the trade agreement with the United Kingdom (T. D. 49753).   Protest 86081–K, having been abandoned, was dismissed.

No. 58944.—Wool Distributing Corporation v. United States, protests 183657–K, etc. (New York, Philadelphia, and Boston).

Opinion by WILSON, J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492).   In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "% Clean Content under T. D. 53159" in schedule "A," attached to and made a part of the decision in this case.

No. 58945.—Wright Bros. v. United States, protests 192957–K, etc. (Boston).

Opinion by WILSON, J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492).   In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content T. D. 53159" in schedule "A," attached to and made a part of the decision in this case.